IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 4:24-cr-26-CDL-AGH |
| | : | |
| SCOTT L. BUNKER, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

# ORDER

On October 1, 2024, Defendant Scott L. Bunker filed a motion for leave to appeal *in forma pauperis* ("IFP") his September 18, 2024 convictions for one count, each, of operation of an unregistered vehicle without a current license plate, and operating a vehicle at a speed 15 miles per hour in excess of the speed limit (ECF Nos. 6, 4). In his IFP motion, Defendant lists no income, no assets, no monthly expenses, and he states that he has three minor children who rely on him for their support. Mot. for Leave to Appeal IFP 1-5, ECF No. 6. Defendant explains that "there is no lawfull [sic] money" as "we the people are obligations to the United States[,]" and in support he cites "HJR 192 Public [L]aw 73-10[.]" *Id.* at 5. In response to question 12 on the IFP form, which requires Defendant to "[i]dentify the city and state of [his] legal residence[,]" Defendant answers that he resides at Fortson, "Georgia territory[.]" *Id.* Finally, the Court notes that Defendant's signature on his affidavit in support of his IFP motion includes the statement "UCC 1-308 without prejudice[.]" *Id.* at 1.

The Court finds that Defendant's affidavit is implausible on its face. It is implausible that Defendant, without any income, is able to support not only himself, but three minor children, without incurring any expenses or having any assets.

Further, Defendant's explanations and writings under his signature "bear at least some of 'the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves.'" *Pitts v. Smith*, No. 4:22-CV-00162-CDL-MSH, 2022 WL 18832251, at *3 (M.D. Ga. Dec. 28, 2022) (quoting *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019)), *adopted by* 2023 WL 2167381 (M.D. Ga. Feb. 22, 2023). "A so-called 'sovereign citizen' generally relies 'on the Uniform Commercial Code ("UCC"), admiralty laws, and other commercial statutes to argue that, because he has made no contract with [the court or government], neither entity can foist any agreement upon him.'" *Id.* (alteration in original) (citation omitted). However, the "sovereign citizen approach is a frivolous legal theory that has been consistently rejected by federal courts." *Id.* (citations omitted). As such, the Court will not accept Defendant's contention that there is no lawful money, or any similar "sovereign citizen" arguments.

For those reasons, Defendant's affidavit is not "'sufficient on its face to demonstrate economic eligibility' for *in forma pauperis* status." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307-08 (11th Cir. 2004).

Defendant is consequently **ORDERED** to recast his motion for leave to appeal IFP within **FOURTEEN (14) DAYS**. Defendant must complete the form in its entirety, without resorting to sovereign citizen arguments or contentions. If Defendant truly receives no income, has no assets, and incurs no expenses, he must thoroughly explain how he is able to survive and to provide support for his three minor children. **Failure to comply with this Order in its entirety may result in the Court denying leave to appeal IFP.** The Clerk is directed to provide Defendant with a new blank long-form IFP application for non-prisoners.

**SO ORDERED**, this 3rd day of October, 2024.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE